SHANKS *v.* HAYES.

The Supreme Court will not disturb the verdict of a jury, upon the mere weight of evidence, where the evidence is conflicting.

The statements of a witness are not necessarily to be disregarded because they differ, in slight particulars, from what he swore to on a previous occasion; but only, in such case, where the jury believe that his evidence is wilfully and knowingly false in a material matter.

ERROR to the *Dearborn* Circuit Court.

*Monday, December* 18.

PERKINS, J.—Assumpsit upon a note. The case was tried upon the general issue under oath. Judgment for the plaintiff. It is urged that the judgment is not supported by the evidence.

There is sufficient evidence in the record, in favor of the plaintiff below, taken it by itself, to justify the judgment. There is also, in addition, conflicting evidence. It was all for the jury; and no rule is better settled than this, that in such case the Supreme Court can not disturb the action of the Court below in rendering judgment on the verdict of the jury.

A witness, *McElfresh*, testified that about the date of the note, *Shanks* borrowed money of *Hayes;* that certain persons were present; that a note, on paper cut from an old account-book, was prepared; "that *Shanks* stood at the table, and that he stooped over as if to make his mark to a piece of paper on the table," &c.

An attempt was made to impeach this witness, by proving that he had sworn differently about the transaction on a former occasion; and it was contended that the whole of his testimony should be rejected in consequence of the discrepancy shown.

The Court instructed the jury that they were not to disregard his testimony "because he may have made statements differing in slight particulars; but that they could only disregard the testimony of the witness in case they find that he wilfully and knowingly testified to what was not true, in a material matter."

We see no error in this instruction. It lays down sub-

stantially the rule that should have been applied by the jury in determining whether the whole of the testimony of the witness should be rejected or not.   If the witness had, by mistake or through forgetfulness, stated some particular differently on different occasions, this would furnish no evidence of corruption or dishonesty on the part of the witness, and hence should not occasion his entire discredit.   It is not pretended that any mental defect existed in the witness.   It is taken for granted he was of sound mind.

An instruction was asked and refused, specifying particulars which should go to his discredit.

The Court had laid down the rule by which the jury were to be governed, viz., if they believed the witness had knowingly sworn falsely in a material matter, they were to discredit him.   This belief was to be deduced from all the circumstances before the jury.   It might arise from the statements, manner, contradictions, &c., of the witness, all considered together; and we do not think the Court was bound to be more particular in their instructions on this point.

We think the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*D. S. Major* and *A. Brower*, for the plaintiff.

*D. Macy*, for the defendant.